(45 Misc. Rep. 295.)

KAVANAUGH v. COMMONWEALTH TRUST CO. OF NEW YORK et al.

(Supreme Court, Trial Term, Saratoga County.    November, 1904.)

1. CORPORATIONS—ACTION BY STOCKHOLDER—REFUSAL TO SUE.

Where a stockholder of a corporation sues the corporation and others in an action to redress a wrong done to the corporation, he must allege and prove a refusal of the corporation to bring the action, either express or implied.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 791–796, 816, 817.]

2. SAME—PLEADING.

A complaint, in an action by a stockholder to redress a wrong done a corporation, alleging a demand on the corporation to bring the action, and that it has wholly omitted and failed to bring said action, is demurrable because failing to allege a refusal of the corporation to bring the action.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 791–796, 816, 817.]

Action by Charles H. Kavanaugh, on behalf of himself and other stockholders of the Commonwealth Trust Company, against the Commonwealth Trust Company and others.  Demurrer to complaint sustained.

See 91 N. Y. Supp. 967.

Edgar T. Brackett, for plaintiff.

Sullivan & Cromwell (Wm. J. Curtis, of counsel), for defendants Wetmore and Brooker.

SPENCER, J.    This action is brought by the plaintiff as a stockholder, in behalf of the defendant corporation, to recover losses sustained by it because of the negligence of the individual defendants while acting as its directors.  The defendants Wetmore and Brooker demur to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.  The demurrer goes to the entire complaint, but the only question discussed by defendants in their brief, and argued at the bar of this court, was whether the allegation of refusal on the part of the corporation to bring the action is sufficient, and I shall limit my decision to that particular.

The complaint, after setting forth a demand upon the corporation to bring the action, alleges: "But said trust company has wholly omitted and failed to bring said action, and the plaintiff therefore

brings the same." The demurring defendants contend that this is
not a sufficient allegation of refusal on the part of the company.
There are numerous expressions in published decisions of this court
and of the Court of Appeals from which it may be inferred that a
plaintiff in a case like this may allege a refusal or an unreasonable
neglect by the corporation as the basis of his right to bring the
action, and a striking example of these is found in Flynn v. Brook-
lyn City R. R. Co., 158 N. Y. 493, 508, 53 N. E. 520, 524, where
Judge Vann, speaking for the court, makes use of the following
language:

> "The right of action, however, belongs to the corporation, and should be
> brought by it as plaintiff; but, when it will not bring the suit itself, an ag-
> grieved stockholder, after due demand and a refusal, or unreasonable neglect
> to proceed, may bring it in his own name upon making the corporation a party
> defendant."

But I am of the opinion that it was never intended, by the use
of this language, that a plaintiff may allege and prove less than a
refusal. He must allege and prove that the corporation, after de-
mand, has refused to bring the action. Such refusal may be express
or implied. Express refusal may be established by statements or
declarations of the company's officers, or by resolutions adopted by
its board of directors; and implied refusal by the course and con-
duct of the corporation, omitting or neglecting to do what it ought
to have done. Tested by this rule, the complaint herein is deficient.
It alleges omission and neglect, but not refusal. The essential dif-
ference is one of intention. A refusal involves an intentional denial
of the stockholder's request; an omission or neglect does not nec-
essarily contain any such element, but may be of such a character
that an intention may be inferred therefrom. To plead neglect is
not equivalent to pleading refusal.

I should regard the point raised by this demurrer as hypercritical,
were it not for the serious consideration given to it in the case of
Leslie v. Lorillard, 31 Hun, 305, where the question was quite
similar to the one now under consideration. The allegation in that
case was, I think, even stronger than the one here. The complaint
there alleged: "That said defendant has neglected to bring such
action, and threatens to continue to make the monthly payments
provided for in such contract." This involved a neglect as to the
past, with a threat of continued negligence in the future, and might
reasonably be construed as involving an intentional refusal on the
part of the corporation to bring the action; nevertheless, the Gen-
eral Term of the First Department unanimously reversed the judg-
ment, on the ground that the complaint did not allege a refusal on
the part of the corporation to bring the action, the court quoting
with approval the words of Mr. Justice Nelson in Memphis City v.
Dean, 8 Wall. 73, 19 L. Ed. 326, as follows: "There must be a clear
default, therefore, on their part, involving a breach of duty." I
think the demurrer must be sustained, the plaintiff to plead over
upon the usual terms, if he so elects.

Demurrer sustained, plaintiff to plead over upon usual terms, if
he so elects.